By the Court.
B. and S. each owned a lot of land bordering upon Hargus Creek, the stream forming the boundary line between their respective premises. B. filed her petition in the court of common pleas against S. et al., in which there was a joinder of two separate and independent causes of action. The first cause of action was for trespass, and alleged that the defendants unlawfully broke and entered the plaintiff’s said premises, and pulled up stakes and trees, and carried away stone and gravel, and diverted the channel of the stream from its natural bed in and through the lands of the plaintiff, etc., to the plaintiff’s *403 damage one hundred dollars, for which she claimed judgment. The second cause of action adopted all the allegations of the first cause of action, and in addition thereto recited new matter, and prayed for an injunction. The answer, in a separate defense, raised an issue of fact as to the first cause of action, which either party had a right to have tried by a jury. The answer asked for no. equitable relief, which, if granted, would have been a bar to the action of trespass. There was an agreement between the parties to the action to refer certain matters in dispute to a referee, but there was not a reference of all issues ; and it was not disclosed by the record that the plaintiff waived or abandoned her claim for damages under her first cause of action, or that there was any agreement between the parties in regard to the issues joined on said first cause of action, or that such issues were ever referred by consent or otherwise. The report of the referee was confirmed, and made the order of the court in the case. The plaintiff appealed to the district court, and her appeal was dismissed, on the ground that the ease was not one in which either party was entitled by law to an appeal. Held: That the district court did not err. Ladd v. James et al., 10 Ohio St., 437, followed and approved.

Judgment of the district court affirmed.